# Richmond.

## GEO. E. SMITH'S EXECUTORS, ET ALS. V. T. B. HARDY, SR., ET ALS.

January 16, 1930.

Absent, Chichester and Epes, JJ.

The opinion states the case.

*W. Moncure Gravatt* and *N. S. Turnbull, Jr.*, for the appellants.

*Allen & Jefferson*, for the appellees.

HOLT, J., delivered the opinion of the court.

George E. Smith, of Lunenburg county, died on February 25, 1926, testate and childless, leaving to survive him his widow, Nancy B. Smith, and numerous heirs at law. His will was duly probated and Craighead C. Hatchett, Allen C. Love and the Bank of Lunenburg qualified as his executors. In this will certain real estate and personal property were given to the widow while various bequests were made to other beneficiaries but decedent left other lands and approximately $12,000.00 worth of personal property which this will did not deal with and as to which he died intestate. Mrs. Smith elected to take under the

will, having been advised that she was in such circumstances, under section 5273 of the Code, her husband's sole distributee. This appeared to have been the views of the executors who afterwards paid to her out of this undisposed personalty $5,500.00. Her rights as distributee are questioned in the bill filed on behalf of some of decedent's heirs and distributees. She in a cross bill set up the circumstances under which an election was made and took the position that it was not irrevocable and that in the event the court should be of the opinion that she was mistaken as to her rights in the premises that she should be given the power to renounce.

On April 9, 1927, the trial court entered a decree in which it held that Mrs. Smith had no right to that part of her husband's personalty of which he died intestate unless she renounced the provisions made for her in the will. From this decree she expressed a desire to appeal and the decree was suspended. Afterwards negotiations looking to a compromise were entered into between her and the heirs and on the 14th day of May, 1927, a second decree was entered which is in part as follows:

"This cause ...... came on this day to be again heard upon the papers formerly read and the agreement of sundry parties, by counsel, compromising and settling the difference herein, as evidenced by correspondence filed in the cause; and was argued by counsel.

"Upon consideration whereof, it appearing to the court that Nannie B. Smith, widow of the late Geo. E. Smith, deceased, is willing to pay the sum of five thousand dollars ($5,000.00) in cash, and the heirs and distributees, as represented by counsel are willing to accept said sum, and in consideration thereof transfer and deliver to the said Nannie B. Smith all of the un-

disposed personalty of which the late Geo. E. Smith died seized and possessed, and release, quit-claim and convey to her all of their right, title and interest in the real estate of which he died seized, wheresoever situated and howsoever described; and it further appearing to the court that it is for the best interest of all parties concerned that said compromise settlement should be carried into effect—the court doth

"Adjudge, order and decree, that said compromise settlement be and the same is hereby approved, ratified and confirmed, and that Geo. E. Allen, who is hereby appointed a special commissioner for the purpose, do, upon the production before him by Nannie B. Smith of a receipt executed by N. S. Turnbull, Jr., of counsel for sundry heirs of Geo. E. Smith, deceased, showing the payment to the said N. S. Turnbull, Jr., attorney, of the sum of five thousand dollars ($5,000.00) execute, acknowledge and deliver to the said Nannie B. Smith a good and sufficient deed, with special warranty of title, releasing, quit-claiming and conveying to her, in fee simple, all of the right, title and interest of the heirs at law in the real estate of which the late Geo. E. Smith died seized and possessed, wheresoever situated and howsoever described.

"And the said executors, C. C. Hatchett, A. C. Love and the Bank of Lunenburg, upon the production before them of a receipt evidencing said payment, shall pay over to the said Nannie B. Smith any and all personal property not disposed of by the will of the said Geo. E. Smith, deceased, as well as such personalty as was by his said will bequeathed to her."

This decree then went on to provide for counsel fees to be paid to counsel for heirs whose compensation was contingent. Twelve hundred and fifty dollars was allowed and the cause was referred to a commissioner

with directions to ascertain and report how the balance of $3,750.00 should be distributed and Mr. Turnbull, who held it, was directed to make disbursement in accordance with the commissioner's finding when it had been approved by the court.

The report was filed on the 25th day of May, 1927. On June 6, 1927, the executors filed a petition in which it was said that out of said sum of $3,750.00 the commissioner had found that $310.83 went to Stacy Smith, a nephew. It further set up the fact that these executors, as such, held Stacy Smith's notes given to their decedent for the sum of $215.00 with interest from January 1, 1917, and the claim was there made that this $310.83 ascertained to be Stacy Smith's share of the compromise sum paid by the widow, should be applied on this debt. On the same day an order of reference was entered directing the commissioner again to make a distributive statement and to report what if anything was due to Geo. E. Smith's estate by virtue of said note together with any other matters deemed pertinent, etc. On July 12, 1927, Stacy Smith's counsel pleaded the five-year statute of limitations.

The commissioner again found that there was due to Stacy E. Smith as a distributee, the sum of $310.83 and that there was due from him to the estate of Geo. E. Smith, the sum of $215.00 with interest from January 1, 1917, as was evidenced by his note, and that the amounts due to Stacy E. Smith should be applied thereon notwithstanding the fact that the note itself was barred by the statute of limitations.

He also reported that there was a certain contingent liability upon Stacy E. Smith arising out of the following facts: Stacy Smith, in 1916, qualified as committee for his sister, a person of unsound mind, now dead, and gave bond in the sum of $2,000.00 with

Geo. E. Smith as his surety. Stacy Smith has made no settlement as committee and the commissioner was of opinion that until this was done and until such settlement had been approved by the court, a contingent liability rested upon him and his surety although Stacy Smith claimed as a matter of fact that he had more than paid to and for his sister all that was due to her.

To this report exceptions were duly taken but were overruled by the court, which by decree entered at its April term, 1928, directed that N. S. Turnbull, Jr., special commissioner, pay over to the executors of Geo. E. Smith, the amount held by him to the credit of Stacy Smith. This decree is now before us on appeal.

The following statements by agreement of counsel appear in the record:

"At the time that the compromise was effected between Mrs. Nannie B. Smith, Stacy E. Smith and other heirs of the late Geo. E. Smith, Mr. George Allen stated over the phone to N. S. Turnbull, Jr., that the executors had a claim against Stacy E. Smith and that the payment of the money to N. S. Turnbull, Jr., as attorney for the heirs of Geo. E. Smith, by Mrs. Nannie B. Smith would be considered in the same way and manner as if this money of Stacy E. Smith's was still in the hands of Mrs. Nannie B. Smith. In other words, the status of Stacy E. Smith's share would remain intact as if the money had not been paid by Mrs. Nannie B. Smith.

"At that time, Mr. Turnbull stated to Mr. Allen that he would not pay out any of this money, as attorney, until ordered so to do by the court and until the court had passed upon the question as to who was entitled to it and in what proportions.

"This statement is made, in writing, between Mr. Geo. E. Allen and Mr. N. S. Turnbull, Jr., so as to

conform to our understanding of the conversation over the phone at the time that the money was paid.

"Given under our hands this 30th day of July, 1927.

"N. S. TURNBULL, JR."

The capacity in which Mr. Turnbull held this fund is not perfectly clear. From the decree of April, 1928, it would appear that he held it as special commissioner. The agreed statement of counsel indicated that he held it as attorney for his client, Stacy Smith, but we do not think that this is a matter of first importance.

When an heir or distributee is indebted to his decedent's estate the amount of such indebtedness should ordinarily be deducted by the executors or administrators from his share therein. Whether this is true when that indebtedness is barred by the statute of limitations is a question which we are not called upon to decide, for the $310.83 to which Stacy was entitled came to him not as a distributee of Geo. E. Smith's estate, but under a compromise made by him and other heirs out of court with the widow and not with the executors.

Had this compromise not been made and had these heirs prevailed in their claim, they would have received about $12,000.00 instead of $5,000.00, and the widow, who by virtue of the compromise got $7,000.00 net, would have gotten nothing out of the personalty as to which Geo. E. Smith died intestate.

If we for the moment forget other heirs, the issue is brought into higher relief. Stacy's share, had he prevailed, would have been about $700.00. The widow said to him in substance that she would give him $310.83 for it by way of compromise. It is perfectly manifest to us that it was not the intention of the parties when this compromise was accepted that the sum which Stacy was to receive in cash was to be

absorbed by an unenforceable debt and come back to Mrs. Smith. Such a compromise settlement in essence would have amounted to this: It would have amounted to her saying to Stacy Smith, that "if you will abandon your $700.00 claim I will give you less than nothing by way of compromise for you must pay to the estate a note which it holds against you and which cannot otherwise be collected, the payment so made should come to me." Surely this could not have been intended by anybody.

■ We do not think the situation is at all changed by the stipulations of counsel. They dealt with the right of the executors and they had none. Mrs. Smith had full power to contract and no fraud or deception was practiced upon her. She promised to pay out in cash $5,000.00 and as a consideration therefor the heirs agreed to release to her every claim against the estate as to which Geo. E. Smith died intestate and not to pay $5,000.00 less any claim which she claiming through the executors might have had against these distributees.

No part of this sum which the widow was to pay was ever in the hands of the executors. It was not a part of the estate and had any heir brought suit against them for his share, they might have with confidence set up that defence. Since they did not hold it they could not withhold it.

We are of opinion that the decree appealed from is erroneous in the matter noted and it is reversed.

*Reversed and remanded.*